UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CIT BANK, N.A.,

                    Plaintiff,                                **MEMORANDUM & ORDER**
                                                                             15-CV-1829 (MKB) (JO)

                    v.

EUNICE METCALFE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, and
JOHN DOES 1–10,

                    Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff CIT Bank, N.A. ("CIT") commenced the above-captioned action on April 3, 2015, against Defendants Eunice Metcalfe, New York City Environmental Control Board ("NYCECB") and John Does 1–10, seeking to foreclose on a mortgage encumbering Block 7907 and Lot 16 on the Tax Map of Kings County, commonly known as 343 East 59th Street in Brooklyn, New York (the "Property"). (Compl., Docket Entry No. 1.) Plaintiff seeks a judgment of foreclosure and sale and the appointment of a special master to determine the outstanding principal, accrued late charges, related expenses and attorneys' fees and whether the property may be sold in one parcel. (Compl. ¶¶ 29–37.)

       Defendant Metcalfe answered the Complaint on May 22, 2015. (Answer, Docket Entry No. 11.) However, Defendant NYCECB failed to appear in this action despite being served with the summons and Complaint. (Aff. of Service of Summons, Docket Entry No. 9.) Plaintiff sought and obtained an entry of default against Defendant NYCECB. (Clerk's Entry of Default dated July 22, 2015, Docket Entry No. 19.) On November 4, 2016, Plaintiff moved for summary judgment against Metcalfe and for a default judgment against NYCECB. (Pl. Mot. for Summ. J.

and Default J. ("Pl. Mot."), Docket Entry No. 25; Pl. Mem. in Supp. of Pl. Mot., Docket Entry No. 55.) On November 14, 2016, the Court referred Plaintiff's motion for summary judgment and default judgment to Magistrate Judge James Orenstein for a report and recommendation. (Order dated Nov. 14, 2016.) By report and recommendation dated August 17, 2017 (the "R&R"), Judge Orenstein recommended that the Court grant Plaintiff's motion for summary judgment, order a judgment of foreclosure and sale, appoint a special master to determine the amount owed and whether the Property may be sold in one parcel, deny as moot the request to strike Defendant Metcalfe's answer, deny Plaintiff's motion for default judgment against Defendant NYCECB, and dismiss the claims against NYCECB and the John Doe Defendants without prejudice. (R&R 13.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are

reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiff's motion for summary judgment against Metcalfe, denies the motion for default judgment against NYCECB and dismisses the case against NYCECB and the John Doe Defendants without prejudice. The Court also grants the request to appoint a special master to determine the amount of damages, costs and attorneys' fees, whether the Property may be sold in one parcel and for the purpose of selling the Property. Plaintiff shall submit on or before September 15, 2017 the names, addresses and telephone numbers of three qualified and willing individuals who may act as the special master along with a proposed fee schedule and an explanation of the basis for the schedule. Following the Court's appointment of a special master and approval of the special master's report as to the calculation of damages, costs and attorneys' fees, Plaintiff shall submit to the Court a proposed order of judgment of foreclosure and sale.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 1, 2017
      Brooklyn, New York